NOTICE
Decision filed 03/12/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 230567-U

NO. 5-23-0567

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | De Witt County. |
| | ) | |
| v. | ) | No. 19-CF-9 |
| | ) | |
| DEVIN KEMP, | ) | Honorable |
| | ) | Jeremy J. Richey, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE CATES delivered the judgment of the court.
Justices Moore and Sholar concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The defendant cannot challenge the restitution order where he voluntarily agreed to pay restitution for the uncharged offenses and did not object to payment at sentencing.

¶ 2    Devin Kemp, the defendant, pled guilty to nine counts of forgery and was sentenced to 30 months of probation and 90 days in the county jail. The defendant also agreed to pay $37,165 in restitution as part of his plea agreement, which included a combined payment of restitution for the nine charged counts of forgery and restitution for uncharged forgeries. Thereafter, his probation was revoked, and the circuit court sentenced him to two years in the Illinois Department of Corrections (IDOC) with six months of mandatory supervised release. Further, the circuit court reimposed the restitution for the charged and uncharged forgeries. The defendant argues on appeal that the portion of the sentencing order that required the defendant to pay restitution for the

1

uncharged forgeries should be vacated because the prior plea agreement to pay that amount was no longer in effect.

¶ 3                                                              I. BACKGROUND

¶ 4     On January 16, 2019, the defendant was charged with nine counts of forgery, Class 3 felonies. The State alleged that on nine occasions the defendant, with the intent to defraud, knowingly delivered to the First National Bank and Trust Company of Clinton, Illinois, a forged check that was purported to be made by another, Brian Perkins. The checks associated with the nine forgery charges totaled $10,880.

¶ 5     At the preliminary hearing, Detective Nicholas Hubrick of the De Witt County Sheriff's Office testified for the State regarding the offenses charged. Detective Hubrick testified that the victim in this case was 73-year-old Michael Perkins. Detective Hubrick indicated that two of the forged checks had been discovered by the defendant's girlfriend, Victoria. She noticed that the two checks were payable to the defendant and drawn on a Perkins' farm account. Victoria was not aware that the defendant had completed any work for the Perkins' farm and became suspicious. Victoria then contacted the victim's grandson, Michael S. Perkins, and subsequently delivered the checks to him.

¶ 6     After receiving these checks, Michael S. Perkins discovered additional forged checks made payable to the defendant. Michael S. Perkins then notified the sheriff's office and provided all of the fraudulent checks to the department. All of the forged checks had been written from the Perkins' farm account. Both the victim, Michael Perkins, and his son, Michael "Brian" Perkins, were named as signatories on the farm account. Each of the checks had allegedly been signed by Brian Perkins and were paid to the order of the defendant. The total value of the checks was $10,880; and the checks had been cashed between August 24, 2017, and November 3, 2017.

¶ 7    After the sheriff's office was notified of the forged checks, Detective Hubrick was assigned to investigate. Through the investigation, Detective Hubrick obtained video footage from First National Bank and Trust Company of Clinton, Illinois, where all the checks had been cashed. Detective Hubrick identified the defendant as the person in the video footage who presented the forged checks for payment at the bank. On March 7, 2018, as a part of the investigation, Detective Hubrick and another officer interviewed the defendant. During the interview, the defendant admitted that he had cashed the checks and that he knew Brian Perkins had not signed the checks. At the conclusion of Detective Hubrick's testimony, the circuit court found that probable cause existed to believe that the defendant committed the charged offenses.

¶ 8    On November 4, 2019, the defendant entered a negotiated guilty plea to all nine counts of forgery. One of the conditions set forth in the plea agreement was that the circuit court would decide, at the sentencing hearing, the total amount of restitution to be paid. After taking judicial notice of the testimony adduced at the preliminary hearing, the circuit court accepted the defendant's guilty plea. Subsequent to the plea hearing, on February 10, 2020, the circuit court conducted the sentencing hearing. At the hearing, the defendant was sentenced to 30 months of probation and 90 days in the county jail. In addition, the defendant was ordered to pay $37,165 in restitution, which represented restitution in the amount of $10,880 for the nine charged counts of forgery and the remainder for additional uncharged forgeries.

¶ 9    Subsequently, on October 6, 2021, the State filed a petition to revoke the defendant's probation. The State alleged that, while on probation, the defendant was arrested for the unlawful possession of cannabis by a passenger in Calhoun County, Illinois. During a hearing on the State's petition to revoke probation, the defendant admitted to the allegations of the State's petition. The

circuit court heard a factual basis and accepted the defendant's admission. The circuit court then ordered that a presentence report be prepared and scheduled a sentencing hearing.

¶ 10 On June 7, 2023, the circuit court conducted a sentencing hearing. Based on the seriousness of the offenses originally charged, the defendant's attitude toward probation, and his probation violation, the State recommended that the defendant be sentenced to two years in the IDOC. The State also recommended that the defendant be ordered to pay the remaining amount of restitution and all court costs. The State indicated that the presentence report reflected a balance due in the amount of $35,447 and noted that the defendant had been ordered to pay $100 per month. However, the State was informed by the clerk that the defendant's current account balance due was $33,764. In response to the State's argument, defense counsel argued that a prison sentence was not appropriate because the defendant had complied with probation, except for the traffic violation that led to the petition to revoke. The defendant had also made all of his monthly restitution payments. Defense counsel recommended that the circuit court keep the defendant "on his current sentence." Defense counsel also recommended that the defendant's bond, in the amount of $2,000, be applied to the total amount of restitution due and owing. Further, defense counsel suggested that the circuit court discuss an increase in the monthly restitution payments with the defendant. The court gave the defendant an opportunity to speak on his own behalf, but the defendant declined to do so.

¶ 11 After considering the presentence report, the factual basis, arguments from counsel and all statutory and nonstatutory factors in aggravation and mitigation, the circuit court concluded that the defendant would be unsuccessfully discharged from probation. The circuit court then sentenced the defendant to two years in the IDOC with six months of mandatory supervised release. Further,

4

the circuit court reimposed the total amount of restitution for both the charged and uncharged forgeries.

¶ 12    Following the sentencing hearing, on June 16, 2023, defense counsel filed a motion to reconsider sentence. Defense counsel contended that the circuit court's findings were an abuse of discretion because it misapplied the factors in aggravation and mitigation. Defense counsel also contended that the circuit court failed to consider the defendant's conduct on probation, and its finding that the defendant's character and attitude did not make him likely to comply with probation was against the manifest weight of the evidence. After it held a held a hearing on the motion to reconsider, the circuit court denied the motion. This appeal followed.

¶ 13                                                    II. ANALYSIS

¶ 14    The defendant contends that the portion of the sentencing order that requires the defendant to pay restitution for the uncharged forgeries should be vacated because the prior agreement to pay that amount was related to his plea of guilty and not the petition to revoke his probation. The State argues that the defendant has procedurally defaulted on this claim under the estoppel rule of invited error or acquiescence. In response, the defendant argues that this is not invited error, as defense counsel never agreed that the defendant would pay restitution for the uncharged forgeries as a part of his argument that the defendant should be resentenced to probation. The defendant claims that defense counsel only argued that a prison sentence would cause the defendant to "ceas[e] restitution payments" in general.

¶ 15    The defendant acknowledges that he did not preserve the claim of error regarding the circuit court's restitution order. As the error was not preserved, the defendant requests that this court review the defendant's claim under second prong plain error because the circuit court's error affected the defendant's substantial rights. The plain-error doctrine is applied where "(1) a clear

5

or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error, or (2) a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007).

¶ 16    However, plain-error review is forfeited when the defendant invites the error. "[A] defendant's invitation or agreement to the procedure later challenged on appeal 'goes beyond mere waiver.' " *People v. Harvey*, 211 Ill. 2d 368, 385 (2004). Under the doctrine of invited error, a defendant may not request to proceed in one manner and later contend on appeal that the course of action was in error. *Harvey*, 211 Ill. 2d at 385. In other words, a defendant cannot complain of an error that the defendant either induced the court to make or where the defendant consented. *In re Detention of Swope*, 213 Ill. 2d 210, 217 (2004). It would offend the notions of fair play and encourage defendants to become duplicitous if a defendant was allowed to use the exact ruling or action procured in the circuit court as a vehicle for reversal on appeal. *Harvey*, 211 Ill. 2d at 385. Thus, these principles apply to preclude plain-error analysis.

¶ 17    In this case, following the State's petition to revoke probation, the circuit court held a hearing to sentence the defendant. At the sentencing hearing, defense counsel recommended that the circuit court keep the defendant "on his current sentence." In addition to recommending probation, defense counsel specifically recommended that the defendant be allowed to continue paying restitution. Notably, the presentence report indicated a total amount of $35,447 was due and that the defendant was making $100 monthly payments. This total amount included the monies due for the charged forgeries as well as the uncharged forgeries. In support of his argument regarding defendant's sentence, defense counsel argued

"that the Court exercise its authority to keep Mr. Kemp[, the defendant,] on his current sentence, doing that would result in probation terminating today, and then to address the payment issues, because that is the largest issue that [the State] raises. Mr. Kemp currently has $2,000 up in bond. We're suggesting that that $2,000 can be applied in its entirety to— excuse me—restitution today. That would be a fairly large lump sum payment made today, and I believe Mr. Kemp is able to increase his monthly payments. I would ask the Court to have a colloquy with him after sentencing to determine what new monthly payment is appropriate. But given the factors in this case, I can't conclude that incarceration is appropriate, and the only thing that would accomplish is making it more difficult to pay this restitution, so that's the defense's request, Your Honor. Thank you."

¶ 18    After a thorough review of the record, the defendant offered to pay the full amount of restitution ordered related to his original, negotiated plea of guilty. The doctrine of invited error thus prevents the defendant from requesting to proceed in one manner and later arguing on appeal that the suggested course of action was in error. Thus, the defendant may not now raise on appeal the error that he invited in the circuit court.

¶ 19                                III. CONCLUSION

¶ 20    For the reasons expressed above, the defendant cannot challenge the restitution order as his counsel recommended payment of the full amount of restitution that was previously ordered at the first sentencing hearing. Accordingly, we affirm the judgment of the circuit court.

¶ 21    Affirmed.